J-S15003-20

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| JERRARD RONN LITTLEJOHN | : | |
| | : | |
| Appellant | : | No. 845 WDA 2019 |

Appeal from the Judgment of Sentence Entered May 6, 2019
In the Court of Common Pleas of Allegheny County Criminal Division at
No(s): CP-02-CR-0008796-2018

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| JERRARD RONN LITTLEJOHN | : | |
| | : | |
| Appellant | : | No. 846 WDA 2019 |

Appeal from the Judgment of Sentence Entered May 6, 2019
In the Court of Common Pleas of Allegheny County Criminal Division at
No(s): CP-02-CR-0010314-2018

BEFORE:   BENDER, P.J.E., OLSON, J., and STEVENS, P.J.E.[*]

MEMORANDUM BY BENDER, P.J.E.:                    **FILED MAY 1, 2020**

In these consolidated appeals, Appellant, Jerrard Ronn Littlejohn, appeals from the aggregate judgment of sentence of three to six years' incarceration, followed by three years' probation, imposed after he pled guilty, in two separate cases, to two counts of aggravated assault.  On appeal,

---

[*] Former Justice specially assigned to the Superior Court.

Appellant seeks to challenge the validity of his plea, as well as the legality and discretionary aspects of his sentence. Additionally, Appellant's counsel, Brandon P. Ging, Esq., seeks to withdraw his representation of Appellant pursuant to **Anders v. California**, 386 U.S. 738 (1967), and **Commonwealth v. Santiago**, 978 A.2d 349 (Pa. 2009). After careful review, we affirm Appellant's judgments of sentence and grant counsel's petitions to withdraw.

On August 27, 2018[, Appellant] was charged at CC2018-08796 with Criminal Attempt - Criminal Homicide[,] in violation of 18 Pa.C.S. § 901(a); Aggravated Assault[,] in violation of 18 Pa.C.S. § 2702(a)(1); Aggravated Assault - Victim Less than [Six,] in violation of 18 Pa.C.S. § 2702(a)(8); Endangering the Welfare of Children[,] in violation of 18 Pa.C.S. § 4304(a)(1); Recklessly Endangering Another Person[,] in violation of 18 Pa.C.S. § 2705; Criminal Solicitation[,] in violation of 18 Pa.C.S. § 902(a) and Intimidation of Witnesses[,] in violation of 18 Pa.C.S. § 4952(a)(1).

On October 4, 2018[, Appellant] was charged at CC2018-10314 with Aggravated Assault[,] in violation of 18 Pa.C.S. § 2702(a)(6); Strangulation[,] in violation of 18 Pa.C.S. § 2718(a)(1); Endangering the Welfare of Children[,] in violation of 18 Pa.C.S. § 4304(a)(1); two counts of Access Device Fraud[,] in violation of 18 Pa.C.S. § 4106(a)(1); Unlawful Restraint[,] in violation of 18 Pa.C.S. § 2902(a)(1); two counts of Simple Assault[,] in violation of 18 Pa.C.S. § 2701(a)(1); Theft by Unlawful Taking[,] in violation of 18 Pa.C.S. § 3921(a); Receiving Stolen Property[,] in violation of 18 Pa.C.S. § 3925(a); Defiant Trespass[,] in violation of 18 Pa.C.S. § 3503(b)(1)(i); and various summary offenses.

On February 5, 2019[, Appellant] entered into a plea agreement at CC2018-10314[,] by which the Commonwealth amended [C]ount [One] to 2702(a)(6) Aggravated Assault [-] Serious [B]odily Injury[,] and withdrew all remaining counts in exchange for the guilty plea[,] with no agreement of sentence. At CC2018-08796[, Appellant] agreed to plead guilty to Count

- 2 -

[T]hree, Aggravated Assault [-] Victim Less than [Six,] … in exchange for the Commonwealth['s] withdrawing all remaining counts[, and] no agreement as to the sentence.

The Commonwealth summarized the evidence at [CC]2018-08796 as follows:

[T]he victim is three-year-old [R.S.H.]  His date of birth is September [], 2014.  On May 31st of 2018[, R.S.H.] was brought to Children's Hospital in critical condition with multiple injuries.  It was declared a near fatality.  Dr. Adelade Eichman would have testified that [R.S.H.] was found to have [the] following injuries: Extensive bruising to his arms, chest, abdomen, groin and thighs, as well as marks on multiple surfaces[;]  … healing fractures of the left 8th, 9th[,] and 10th ribs[,] which were approximately [two] to [four] weeks old[;]  [and a]n acute fracture of the left ulna.  He [also] had internal injuries including a Grade 2 liver laceration, a left adrenal hemorrhage, [and] muscular and kidney injuries.  He was also diagnosed to have swelling and bruising of his penis.  He was unable to urinate without a catheter. The doctor would have testified that [R.S.H.] was the victim of physical abuse on multiple occasions.  The Commonwealth would have further called Allegheny County Police Detectives Eric Stark, Patrick Miller, [and] the victim's mother, Janet Zeigler, who would've testified that [Appellant] was the sole caretaker of [R.S.H.] while his mother was at school.  [Appellant] confessed to the child's mother[,] after the child told his mother that [Appellant] had beat[en] him and told him best friends don't tell on each other.

At CC 2018-10314[,] Commonwealth summarized the evidence as follows:

[T]he Commonwealth would have called Stowe Township Police [Officers] and [J.Z.]  They would have testified that on April 9, 2018[,] Stowe Police were dispatched to 902 Russellwood Avenue for a report of a violent domestic [abuse incident].  They located the victim, [J.Z.], who indicated that [Appellant] was her ex-boyfriend, that he became angry over things, including that she had asked him to leave the residence, and he wouldn't leave without his firearm.  When [J.Z.] told him she didn't know where it was, he choked her, dragged her by her hair, locked her in [the]

> basement for a period of time, continued to [choke] her, prevented her from calling 911, and slammed her head against the wall.
>
> [Appellant] made no corrections or additions to the summaries of the cases. [Appellant's] plea was accepted and a Presentence [R]eport was ordered. A sentencing hearing was held on May 6, 2019[,] and [Appellant] made no corrections or additions to the Presentence Report. After considering all of the evidence, including the nature and extent of the injuries to the minor victim, as well as [Appellant's] statements regarding his need for rehabilitation, [Appellant] was sentenced as set forth above.

Trial Court Opinion, 9/23/19, at 2-4 (citations to the record and internal quotation marks omitted). In particular, for the aggravated assault of R.H.S., Appellant was sentenced to a term of two to four years' incarceration, followed by three years' probation. For the aggravated assault of J.Z., he received a consecutive term of one to two years' incarceration, followed by three years' probation, imposed to run concurrently to the probation sentence in his other case.

Appellant filed a timely post-sentence motion, seeking reconsideration of his sentence. The court denied that motion and Appellant filed timely notices of appeal in each of his two cases, which this Court *sua sponte* consolidated. When the trial court then ordered Appellant to file a Pa.R.A.P. 1925(b) concise statement of errors complained of on appeal, his attorney at that point, Anne Puluka, Esq., filed a Rule 1925(c)(4) statement of her intent to file a petition to withdraw and an ***Anders*** brief. The trial court filed a Rule 1925(a) opinion on September 23, 2019.

Thereafter, this Court granted Attorney Puluka's petition to withdraw because she was leaving her employment with the Allegheny County Public

- 4 -

Defender's Office. Attorney Ging, another public defender, took over Appellant's case and filed identical petitions to withdraw and *Anders* briefs in each separate case. Attorney Ging concludes that the only three issues Appellant could potentially raise on appeal — challenges to the validity of his guilty plea, the legality of his sentence, and the discretionary aspects of his sentence — are either waived or frivolous. *See Anders* Brief at 23 (citing *Commonwealth v. Monjaras-Amaya*, 163 A.3d 466, 468 (Pa. Super. 2017) ("Pennsylvania law makes clear that by entering a plea of guilty, a defendant waives his right to challenge on direct appeal all non[-]jurisdictional defects except the legality of the sentence and the validity of the plea."); *Commonwealth v. DiClaudio*, 210 A.3d 1070, 1075 n.5 (Pa. Super. 2019) (observing that if a plea agreement is open as to the sentence to be imposed, the defendant may challenge on direct appeal the discretionary aspects of the sentence)).

Accordingly,

this Court must first pass upon counsel's petition to withdraw before reviewing the merits of the underlying issues presented by [the appellant]. *Commonwealth v. Goodwin*, 928 A.2d 287, 290 (Pa. Super. 2007) (*en banc*).

Prior to withdrawing as counsel on a direct appeal under *Anders*, counsel must file a brief that meets the requirements established by our Supreme Court in *Santiago*. The brief must:

(1) provide a summary of the procedural history and facts, with citations to the record;

(2) refer to anything in the record that counsel believes arguably supports the appeal;

> (3) set forth counsel's conclusion that the appeal is frivolous; and
>
> (4) state counsel's reasons for concluding that the appeal is frivolous. Counsel should articulate the relevant facts of record, controlling case law, and/or statutes on point that have led to the conclusion that the appeal is frivolous.
>
> *Santiago*, 978 A.2d at 361. Counsel also must provide a copy of the *Anders* brief to his client. Attending the brief must be a letter that advises the client of his right to: "(1) retain new counsel to pursue the appeal; (2) proceed pro se on appeal; or (3) raise any points that the appellant deems worthy of the court[']s attention in addition to the points raised by counsel in the *Anders* brief." *Commonwealth v. Nischan*, 928 A.2d 349, 353 (Pa. Super. 2007), *appeal denied*, 594 Pa. 704, 936 A.2d 40 (2007).

*Commonwealth v. Orellana*, 86 A.3d 877, 879-80 (Pa. Super. 2014). After determining that counsel has satisfied these technical requirements of *Anders* and *Santiago*, this Court must then "conduct a simple review of the record to ascertain if there appear[s] on its face to be arguably meritorious issues that counsel, intentionally or not, missed or misstated." *Commonwealth v. Dempster*, 187 A.3d 266, 272 (Pa. Super. 2018) (*en banc*).

In this case, Attorney Ging's *Anders* brief complies with the above-stated requirements. Namely, he includes a summary of the relevant factual and procedural history, he refers to portions of the record that could arguably support Appellant's claims, and he sets forth his conclusion that Appellant's appeal is frivolous. He explains his reasons for reaching that determination, and supports his rationale with citations to the record and pertinent legal authority. Attorney Ging also states in his petition to withdraw that he has supplied Appellant with a copy of his *Anders* brief. Additionally, he attached a letter directed to Appellant to his petition to withdraw, in which he informed

Appellant of the rights enumerated in *Nischan*. Accordingly, counsel has complied with the technical requirements for withdrawal. We will now independently review the record to determine if Appellant's issues are frivolous, and to ascertain if there are any other, non-frivolous issues he could pursue on appeal.

First, we agree with Attorney Ging that a challenge to the validity of Appellant's guilty plea is frivolous, as he did not orally seek to withdraw his plea at any point, nor make any such request in his post-sentence motion. *See Anders* Brief at 25 (citing *Commonwealth v. Jabbie*, 200 A.3d 500, 506 (Pa. Super. 2018) (finding Jabbie's challenge to the validity of his guilty plea waived where he "failed to raise his challenge first with the trial court, either on the record or in a post-sentence motion" because, under Pa.R.A.P. 302(a), "[i]ssues not raised in the lower court are waived and cannot be raised for the first time on appeal")).

We also agree with Attorney Ging that it is frivolous to attack the legality of Appellant's sentence. As counsel explains:

> [Appellant] pled guilty in each case to one felony of the second degree. At CC2018[-]08796, the trial court sentenced [Appellant] to [two to four] years' incarceration, to be followed by a consecutive period of probation for three years. At CC2018[-]10314, the trial court sentenced [Appellant] to [a consecutive term of one to two] years' incarceration, as well as three years' probation[,] to be served concurrent with the probationary sentence imposed at CC2018[-]08796. The maximum allowable sentence for a second-degree felony is not more than ten years. 18 Pa.C.S.[] § 1103(2). Accordingly, both sentences are well below the statutory maximum.

*Id.* at 26-27.  Additionally, Attorney Ging observes that "the trial court made the requisite finding at the time of sentencing that [Appellant] was not RRRI[1] eligible[,]" and it also afforded Appellant credit for his time served.  *Id.* at 27. Accordingly, Appellant's sentence is not illegal.

Finally, Attorney Ging concludes that it would be frivolous to challenge the discretionary aspects of Appellant's sentence.  It is well-settled that,

> [c]hallenges to the discretionary aspects of sentencing do not entitle an appellant to review as of right. **Commonwealth v. Sierra**, 752 A.2d 910, 912 (Pa. Super. 2000). An appellant challenging the discretionary aspects of his sentence must invoke this Court's jurisdiction by satisfying a four-part test:
>
>> We conduct a four-part analysis to determine: (1) whether [the] appellant has filed a timely notice of appeal, **see** Pa.R.A.P. 902 and 903; (2) whether the issue was properly preserved at sentencing or in a motion to reconsider and modify sentence, **see** Pa.R.Crim.P. 720; (3) whether [the] appellant's brief has a fatal defect, Pa.R.A.P. 2119(f); and (4) whether there is a substantial question that the sentence appealed from is not appropriate under the Sentencing Code, 42 Pa.C.S.[] § 9781(b).
>
> **Commonwealth v. Evans**, 901 A.2d 528, 533 (Pa. Super. 2006), *appeal denied*, 589 Pa. 727, 909 A.2d 303 (2006). Objections to the discretionary aspects of a sentence are generally waived if they are not raised at the sentencing hearing or in a motion to modify the sentence imposed. **Commonwealth v. Mann**, 820 A.2d 788, 794 (Pa. Super. 2003), *appeal denied*, 574 Pa. 759, 831 A.2d 599 (2003).
>
> The determination of what constitutes a substantial question must be evaluated on a case-by-case basis. **Commonwealth v. Paul**, 925 A.2d 825, 828 (Pa. Super. 2007). A substantial question exists "only when the appellant advances a colorable argument that the sentencing judge's actions were either: (1) inconsistent with a specific provision of the Sentencing Code; or (2) contrary

---

[1] Recidivism Risk Reduction Act, 61 Pa.C.S. §§ 4501-4512.

to the fundamental norms which underlie the sentencing process."
***Sierra, supra*** at 912–13.

***Commonwealth v. Griffin***, 65 A.3d 932, 935 (Pa. Super. 2013) (quoting

***Commonwealth v. Moury***, 992 A.2d 162, 170 (Pa. Super. 2010)).

Here, Attorney Ging notes that in Appellant's post-sentence motion, he conceded that the court's sentence meets the dictates of 42 Pa.C.S. § 9721(b). ***See Anders*** Brief at 29; ***see also*** Post-Sentence Motion, 5/8/19, at 3 (unnumbered) (stating that "the sentence rendered by this Honorable Court meets the requirements of 42 Pa.C.S.[] § 9721(b)"). However, Appellant argued in the motion that his sentence should be reduced because he took responsibility for his actions, he has a good employment history, and he has a supportive family, including a 17-year-old son with whom he has a good relationship. ***See*** Post-Sentence Motion at 2-3.

"An allegation that the sentencing court failed to consider certain mitigating factors generally does not necessarily raise a substantial question." ***Moury***, 992 A.2d at 171 (citations omitted). Moreover,

> [w]here the sentencing court had the benefit of a presentence investigation report ("PSI"), we can assume the sentencing court "was aware of relevant information regarding the defendant's character and weighed those considerations along with mitigating statutory factors. Further, where a sentence is within the standard range of the guidelines, Pennsylvania law views the sentence as appropriate under the Sentencing Code."

***Id.***

As Attorney Ging observes, Appellant presented mitigating evidence to the court at the sentencing hearing. ***Anders*** Brief at 31. The court also had the benefit of a presentence report, and it ultimately imposed sentences in

- 9 -

the standard and mitigated ranges of the guidelines. Given this record, we agree with Attorney Ging that Appellant's challenge to the discretionary aspects of his sentence does not raise a substantial question for our review. In other words, that claim is frivolous. We also discern no other, non-frivolous issues that Appellant could raise on appeal. Accordingly, we affirm Appellant's judgments of sentence in each case, and grant counsel's petitions to withdraw.

Judgments of sentence affirmed. Petitions to withdraw granted.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 5/01/2020